UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL D. WRIGHT, SR.,                )
                                       )
            Petitioner,                )
    vs.                                )       4:08-cv-017-SEB-WGH
                                       )
STATE OF INDIANA ATTORNEY GENERAL,     )
                                       )
            Respondent.                )

**Entry Discussing Petition for Writ of Habeas Corpus**

Michael D. Wright, Sr. ("Wright") was convicted in 1993 of various offenses in the Lawrence Superior Court. His convictions became final before the April 23, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), but his petition for a writ of habeas corpus challenging those convictions was filed beyond the 1-year grace period permitted by the AEDPA for such situations. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). Wright's habeas petition is therefore dismissed as untimely without the merits of his claims being reached. The pertinent dates associated with this conclusion are the following:

| | |
|---|---|
| May 28, 1991 | Charges Filed |
| October 30, 1992 | Mistrial Declared (hung jury) |
| November 25, 1992 | Amended Information Filed |
| January 16, 1993 | Jury's Guilty Verdict Returned |
| March 12, 1993 | Sentence Imposed |
| February 25, 1994 | Decision in Direct Appeal |
| April 23, 1996 | Effective Date of the AEDPA |
| July 25, 1996 | Petition for Post-conviction Relief Filed |
| August 14, 1996 | Petition for Post-conviction Relief Denied |
| December 17, 1997 | Successive Petition for Post-conviction Relief Authorized by Indiana Court of Appeals |
| April 25, 2000 | Modified Sentence Imposed |
| May 1, 2003 | Wright Released from Indiana Department of Correction |
| March 26, 2007 | Request to File Successive Petition for Post-conviction Denied |
| April 11, 2007 | Habeas Petition Signed |
| April 16, 2007 | Habeas Petition Filed in Southern District of Florida |

With the grace period in place, and taking into account the tolling provision of 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court), the habeas clock ran as follows:

| Period of Time | Days Used | Days Remaining |
| --- | --- | --- |
| April 24, 1996-July 25, 1996 | 92 | 273 |
| August 15, 1996- May 15, 1997 | 273 | 0 |

The statute of limitations expired in Wright's case on May 15, 1997, having been tolled only during the 20-day period during which his first petition for post-conviction relief was pending in the trial court. The events which occurred thereafter are not relevant to the computation of the statue of limitations. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes,* 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed). If it is conceived that Wright's conviction was not final until his amended sentence was imposed on April 25, 2000–an argument not made by either Wright or the respondent–the habeas statute of limitations simply expired one year later.

      Wright opposes the conclusion compelled from the above analysis by arguing that the prosecutor used perjured testimony in violation of *Brady v. Maryland* 373 U.S. 83, 87 (1963), and that AEDPA deference does not apply when the claim presented on the *Brady* material surfaced for the first time during federal proceedings. However, this argument is not responsive to the timeliness question presented by the respondent's arguments. In fact, his petition was filed nearly ten years after the expiration of the one-year statute of limitations. On the basis of the foregoing, Wright's filing of the present action was brought beyond the prescribed one-year statute of limitations.

      "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Wright has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue. Wright's motion to expand the record (dkt 30) is **denied as inapt** in this case. That motion is merely the copy of a filing Wright made in the Eleventh Circuit Court of Appeals appealing the order of transfer to this court from the Southern District of Florida.

      **IT IS SO ORDERED.**

Date: 08/22/2008



SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana